HLD-041 (November 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4237
_____

IN RE:  DAVID BERNARD,

                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 04-cr-00580)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 30, 2010
Before:  McKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges
(Opinion filed: March 11, 2011)
_____

OPINION
_____

PER CURIAM.

        David Bernard has filed a petition for a writ of mandamus in which he

claims that his sentence imposed by the United States District Court for the Eastern

District of Pennsylvania is "illegal" because he was sentenced by a "non-Article III

judge."

        Bernard pled guilty to a four-count indictment charging him with, inter alia,

conspiracy to commit bank fraud.  The Honorable Petrese B. Tucker, a District Judge in

the Eastern District, sentenced Bernard in November 2005 to a term of sixty-three months

in prison, three years of supervised release, and restitution of $601,231.84. This Court affirmed. United States v. Bernard, 214 Fed. App'x 182 (3d Cir. 2007). The District Court thereafter denied Bernard's motion under 28 U.S.C. § 2255, rejecting a claim that the court lacked subject-matter jurisdiction over the criminal case. This Court denied Bernard's request for a certificate of appealability in January 2008.

Bernard now seeks a writ of mandamus on the ground that he is entitled to be re-sentenced by "an Article III judge," a contention premised upon the wholly unsupported assertion that Judge Tucker "took a Form 61 Commissioners Oath of Office," thereby rendering her "an employee of the Department of Justice." Mandamus Petition at 5.

We may issue writs of mandamus "in aid of" our jurisdiction. 28 U.S.C. § 1651(a); see United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that "we must identify a jurisdiction that the issuance of the writ might assist"). Because Bernard's criminal proceedings are final and completed, his mandamus request fails at the threshold because it is not sought in aid of our appellate jurisdiction. In any event, the premise of Bernard's claim (i.e., that Judge Tucker somehow lacked authority to impose sentence) is patently frivolous on its face, leaving Bernard with no claim to the drastic and extraordinary remedy of mandamus. See Cheney v. United States Dist. Court, 542 U.S. 367, 380 (2004). Accordingly, we will deny the mandamus petition.